IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

MAR 23 2018

PRECISION FRANCHISING LLC, et al., )
)
        Plaintiffs, )
)
v. ) Civil Action No. 1:17cv1315 (CMH/JFA)
)
GALAXIE CARTUNE, INC., et al., )
)
        Defendants. )
)

## PROPOSED FINDINGS OF FACT AND RECOMMENDATIONS

This matter is before the court on plaintiffs' motion for default judgment pursuant to Federal Rule of Civil Procedure 55(b)(2). (Docket no. 13). In this action, plaintiffs Precision Franchising LLC and Precision Tune Auto Care, Inc. (collectively "Precision Franchising" or "plaintiffs") seek a default judgment against defendants Galaxie Cartune, Inc., Matthew Gallagher, and Kari Gallagher (collectively "defendants") in the amount of $301,746.14, plus attorney's fees and costs. Pursuant to 28 U.S.C. § 636(b)(1)(C), the undersigned magistrate judge is filing with the court his proposed findings of fact and recommendations, a copy of which will be provided to all interested parties.

### Procedural Background

On November 17, 2017, plaintiffs filed a complaint against defendants alleging three counts of breach of contract (Docket no. 1). On November 22, 2017, plaintiffs filed a materially similar amended complaint (Docket no. 3). On November 24, 2017, summonses were issued as to defendants Galaxie Cartune, Inc., Matthew Gallagher, and Kari Gallagher (Docket no. 5). The summonses were returned executed on December 7, 2017, and indicated that defendants were served on November 28, 2017. (Docket no. 8). In accordance with Fed. R. Civ. P. 12(a),

defendants' responsive pleading was due on December 19, 2017, twenty-one (21) days after service of process. On December 20, 2017, at the request of defendant Matthew Gallagher, plaintiffs granted defendants an extension to December 29, 2017 to answer or otherwise respond to the amended complaint. (Docket no. 13 ¶ 44). After defendants failed to answer or otherwise respond by December 29, 2017, plaintiffs refrained from seeking a default judgment as the parties explored an amicable resolution to the matter, but the parties were unable to reach an agreement, and further attempts to engage defendants did not yield a meaningful response. (Docket no. 13 ¶ 45). Plaintiffs requested entry of default as to defendants on January 23, 2018 (Docket no. 9), which the Clerk of Court entered as to defendants Galaxie Cartune, Inc., Matthew Gallagher, and Kari Gallagher on January 24, 2018 (Docket no. 10). On February 6, 2018, plaintiffs filed this motion for default judgment (Docket no. 13) and noticed the hearing for 10:00 a.m. on Friday, March 9, 2018 (Docket no. 14). On March 8, 2018, plaintiffs filed an amended notice for hearing setting a hearing on this motion for Friday, March 23, 2018 at 10:00 a.m. (Docket no. 17). At the hearing on March 23, 2018, counsel for the plaintiffs appeared, but no one appeared on behalf of defendants.

## Factual Background

The following facts are established by the amended complaint (Docket no. 3) ("Compl.") and plaintiffs' motion for default judgment (Docket no. 13). Defendant Galaxie Cartune, Inc. ("Galaxie") is a former franchisee of Precision Tune Auto Care pursuant to a franchise agreement with plaintiffs dated March 1, 2003 (the "Franchise Agreement"), a renewal dated June 29, 2012 (the "Renewal"), and an addendum dated November 23, 2013 (the "Addendum"). (Compl. ¶¶ 11–12, 14). Defendant Matthew Gallagher ("Mr. Gallagher") executed two guaranty agreements, dated March 1, 2003 and July 1, 2012, personally guaranteeing Galaxie's

2

obligations under the franchise agreement (the "Guarantee Agreements"). (Compl. ¶¶ 11–12). In 2015, after a third-party lessor threatened to evict Galaxie from the premises where Galaxie was operating its Precision Tune Auto Care Center, Galaxie induced plaintiffs to purchase the premises, including an adjoining carwash. (Compl. ¶ 13). Galaxie assured plaintiffs that purchasing and then leasing the premises to Galaxie would allow it to reorganize its business and timely pay its obligations. (*Id.*). On November 24, 2015, plaintiffs leased the premises and the adjoining carwash to defendants in two separate lease agreements (the "Leases"): (1) a lease agreement for the Apple Valley Precision Tune Auto Care Center (the "Center"); and (2) a lease agreement for the Apple Valley Carwash (the "Carwash"). (Compl. ¶ 14). In connection with the Leases, Mr. Gallagher and Kari Gallagher executed a guaranty agreement, guaranteeing Galaxie's obligations under the leases. (*Id.*). In addition, on November 22, 2016, Galaxie and Mr. Gallagher granted plaintiffs a promissory note in the principal amount of $13,592.13 with interest accruing at a rate of 0% per annum (the "Promissory Note"). (Compl. ¶ 15).

At some point after November 24, 2015, defendants began subleasing the Carwash without obtaining plaintiffs' prior written approval as required under the Carwash lease, and became delinquent on the Leases. (Compl. ¶¶ 42–43). On October 31, 2017, after plaintiffs offered to terminate the Franchise Agreement and the lease on the Center, defendants abandoned the Center and ceased all operations, and failed to remit past due balances. (Compl. ¶¶ 45–46). On November 16, 2017, plaintiffs sent defendants a letter withdrawing the October 27 offer, along with notices of termination of the Franchise Agreement and Leases. (Compl. ¶ 47). To date, defendants have outstanding obligations under the Franchise Agreement, Leases, and Promissory Note, and have failed to comply with any of the post-termination obligations under the Franchise Agreement. (Compl. ¶¶ 48–49).

3

## Proposed Findings and Recommendations

Rule 55 of the Federal Rules of Civil Procedure provides for the entry of a default judgment when "a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend." Based on defendants' failure to plead or otherwise defend against the action, the Clerk of Court has entered a default as to defendants Galaxie Cartune, Inc., Matthew Gallagher, and Kari Gallagher. (Docket no. 10).

A defendant in default admits the factual allegations in the complaint. *See* Fed. R. Civ. P. 8(b)(6) ("An allegation—other than one relating to the amount of damages—is admitted if a responsive pleading is required and the allegation is not denied."); *see also GlobalSantaFe Corp. v. Globalsantafe.com*, 250 F. Supp. 2d 610, 612 n.3 (E.D. Va. 2003) ("Upon default, facts alleged in the complaint are deemed admitted and the appropriate inquiry is whether the facts as alleged state a claim."). Rule 55(b)(2) of the Federal Rules of Civil Procedure provides that a court may conduct a hearing to determine the amount of damages, establish the truth of any allegation by evidence, or investigate any other matter when necessary to enter or effectuate judgment.

## Jurisdiction and Venue

A court must have both subject matter and personal jurisdiction over a defaulting party before it can render a default judgment. Plaintiffs allege that this matter is properly brought in this court under 28 U.S.C. § 1332 based on complete diversity of citizenship and an appropriate amount in controversy. (Compl. ¶ 7).

Plaintiff Precision Franchising LLC is wholly owned by plaintiff Precision Tune Auto Care, Inc., a Virginia corporation with its principal place of business in Leesburg, Virginia. (Compl. ¶ 3). Defendant Galaxie Cartune, Inc. is a Minnesota corporation with its principal

4

place of business in Minnesota, and defendants Matthew Gallagher and Kari Gallagher are residents of Minnesota. (Compl. ¶¶ 4–6). Plaintiff's complaint also seeks a judgment in excess of $75,000. (Compl. ¶ 7). Given that these allegations are uncontested, it appears that this court has jurisdiction over the dispute pursuant to 28 U.S.C. § 1332.

This court also has personal jurisdiction over defendants because they entered into contracts in this District, caused tortious injury in this District by their acts and omissions, and Section 26.1 of the Franchise Agreement states that defendants "irrevocably submit to the jurisdiction of the state and the federal district courts in the county or judicial district in which [plaintiffs'] principal place of business is located." (Docket no. 13-1 at 30). Venue is proper in this District pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claims against defendants occurred in this District, and because Section 26.1 of the Franchise Agreement states that defendants "agree[] that the exclusive venue for any proceeding relating to or arising out of this Agreement shall be the county or judicial district in which the [plaintiffs'] principal place of business is located." (*Id.*).

For these reasons, the undersigned recommends a finding that this court has subject matter jurisdiction over this action, that this court has personal jurisdiction over the defendants, and that venue is proper in this court.

### Service

Pursuant to Fed. R. Civ. P. 4(h), a corporation may be served in a judicial district of the United States in the manner prescribed in Rule 4(e)(1) for serving an individual or by delivering a copy of the summons and complaint to an officer, managing, or general agent, or any other agent authorized by law to receive service of process.

5

The summonses issued on November 24, 2017 (Docket no. 5) were returned executed on December 7, 2017, and indicate that Matthew Gallagher was personally served on November 28, 2017 with the summonses, civil cover sheet, and amended complaint with exhibits at 14843 Colorado Avenue, Rosemount, Minnesota 55068 on behalf of himself, as the husband of Kari Gallagher, and as President of Galaxie Cartune, Inc. (Docket no. 8). Accordingly, it appears that the defendants were properly served with the summonses and amended complaint.

## Grounds for Default Judgment

On January 24, 2018, the Clerk of Court entered default against the defendants. (Docket no. 10). On February 6, 2018, plaintiffs filed this motion for default judgment and noticed the motion for a hearing for March 9, 2018. (Docket nos. 13, 14). Those pleadings were sent to defendants on February 6, 2018. (Docket no. 13 at 22). An amended notice hearing was filed on March 8, 2018 setting the motion for a hearing on March 23, 2018 and it was sent to the defendants by Federal Express on March 8, 2018. (Docket no. 17). No opposition has been filed by the defendants and no one appeared on behalf of the defendants at the hearing on March 23, 2018. Therefore, it is recommended that a default judgment in favor of plaintiffs be entered against the defendants.[1]

## Liability

According to Fed. R. Civ. P. 54(c), a default judgment "must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Given that a default has been entered, the factual allegations in the amended complaint are deemed admitted. *See* Fed. R. Civ. P. 8(b)(6).

---

[1] Plaintiffs have submitted a declaration stating that upon information and belief, defendants Matthew Gallagher and Kari Gallagher are not in military service. (Docket no. 13-15 ¶ 11).

**Breach of the Leases (Count I)**

Count I of plaintiffs' amended complaint states a breach of contract claim as to the Leases on the Center and the Carwash. (Compl. ¶¶ 50–52). In examining a plaintiff's claim, a federal court sitting in diversity jurisdiction must apply state substantive law as announced by the state's highest court. *Erie R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938). Under Virginia law, the required elements for proving breach of contract are: "(1) a legally enforceable obligation of a defendant to a plaintiff; (2) the defendant's violation or breach of that obligation; and (3) injury or damage to the plaintiff caused by the breach of obligation." *Sunrise Continuing Care, LLC v. Wright*, 277 Va. 148, 154, 671 S.E.2d 132, 135 (2009) (citing *Filak v. George*, 267 Va. 612, 619, 594 S.E.2d 610, 614 (2004)).

Under Article 3.1 of the Leases, defendants agreed to pay plaintiffs monthly installments of $5,708.31 (Center lease) and $5,982.00 (Carwash lease) on or before the first day of each full calendar month during the terms of the Leases. (Docket nos. 13-6 at 3, 13-7 at 3). To date, defendants have failed to pay $7,690.32 in back rent due and owing at the time the Leases were terminated. (Docket no. 13-13 ¶ 5). Under Article 25 of the Carwash lease, defendants agreed not to sublet the Carwash without obtaining the prior written consent of plaintiffs. (Docket no. 13-7 at 12). To date, plaintiffs have been unable to collect rent from the Carwash subtenant since November 1, 2017, which equates to $23,928.00 in unpaid rent. (Docket no. 13-13 ¶ 7). Additionally, under Article 5 of the Leases, defendants agreed to pay all utilities for the Center and Carwash. (Docket nos. 13-6 at 5, 13-7 at 5). To date, defendants have failed to pay $535.52 due and owing for water utilities at the time the Leases were terminated. (Docket no. 13-13 ¶ 6).

As a direct and proximate result of defendants' failure to pay these obligations, plaintiffs are continuing to suffer irreparable injury and have incurred monetary damages totaling

$32,153.84. (Compl. ¶ 52; Docket no. 13-13 ¶¶ 4–7). Accordingly, defendants violated their legal obligation to plaintiffs and plaintiffs have been injured by defendants' breach of that obligation. Therefore, the undersigned recommends a finding that plaintiffs have established a breach of contract as to the Leases.

**Breach of Franchise Agreement and Promissory Note (Counts II & III)**

As with Count I of plaintiffs' amended complaint, Counts II and III are breach of contract claims as to the Franchise Agreement and the Promissory Note. (Compl. ¶¶ 53–56)

Under Sections 4.2 and 13.2.1 of the Franchise Agreement, Galaxie agreed to pay plaintiffs operating fees at a rate of 7.5% of weekly gross sales and national advertising fund fees at a rate of 1.5% of weekly gross sales on a weekly basis during the term of the Franchise Agreement. (Docket no. 13-1 at 4, 15). To date, Galaxie owes plaintiffs: (i) $3,810.89 in past due operating royalties; and (ii) $750.30 in past due national advertising fund fees. (Docket no. 13-13 ¶ 11). Under Section 13.2.4 of the Franchise Agreement, Galaxie was required to spend 9% of weekly gross sales of the franchised business on marketing, and since there were no other marketing fees established by plaintiffs aside from the 1.5% national advertising fund fee, Galaxie was required to spend the balance of 7.5% on local advertising and promotion. (Docket no. 13-1 at 15). Since at least January 6, 2013, however, Galaxie did not spend any money on local advertising and promotion. (Docket no. 13-13 ¶ 12). To date, plaintiffs have sustained damages as a result of Galaxie's failure to spend 7.5% on local advertising and promotion in the amount of $253,477.90. (Docket no. 13-13 ¶ 13). In total, Galaxie and Mr. Gallagher continue to owe plaintiffs $258,039.09. (Docket no. 13-13 ¶¶ 10–13).

Additionally, pursuant to Section 4 of the Promissory Note, upon the occurrence of an event of default, plaintiffs declared all unpaid installments and any and all monies due or to

8

become due under the Note immediately due and payable. (Docket no. 13-9 at 2). Under Section 1 of the Promissory Note, Galaxie and Mr. Gallagher agreed to pay plaintiffs 260 weekly installments of $52.28 every Friday beginning on January 6, 2017. (Docket no. 13-9 at 2). As a result of the default, all monies due or to become due under the Promissory Note are immediately due and payable, and to date, Galaxie and Mr. Gallagher have an unpaid balance of $11,553.21 under the Promissory Note. (Docket no. 13-13 ¶ 9).

As a direct and proximate result of Galaxie's and Mr. Gallagher's failure to pay these obligations, plaintiffs are continuing to suffer irreparable injury and have incurred monetary damages totaling $269,592.30. (Compl. ¶ 56; Docket no. 13-13 ¶¶ 8–13). Therefore, the undersigned recommends a finding that plaintiffs have established a breach of contract as to the Franchise Agreement and Promissory Note against Galaxie and Mr. Gallagher.

### Relief

Plaintiffs' motion for default judgment seeks a judgment in its favor in the amount of $301,746.14, and attorney's fees and costs. (Docket no. 13 at 5, 20). As described in detail above, defendants' outstanding balance on the Leases as of the filing of plaintiffs' motion was $32,153.84. (*See* Docket no. 13-13 ¶¶ 4–7). Additionally, Galaxie and Mr. Gallagher's outstanding balance on the Promissory Note and Franchise Agreement as of the filing of plaintiffs' motion was $269,592.30. (*See* Docket no. 13-13 ¶¶ 8–13). Accordingly, the undersigned recommends a finding that all three defendants are liable to plaintiffs for breach of the Leases in the amount of $32,153.84, and defendants Galaxie and Mr. Gallagher should be liable to plaintiffs for breaches of the Promissory Note and Franchise Agreement in the amount of $269,592.30.

**Attorney's Fees and Costs**

Under Section 17.2 of the Franchise Agreement, Galaxie agreed that in the event of any default by Galaxie, Galaxie "shall pay [plaintiffs] all costs and expenses, including reasonable legal and accounting fees, incurred by [plaintiffs] in connection with obtaining damages or injunctive or other relief for the enforcement of any provisions of [the Franchise Agreement]." (Docket no. 13-1 at 24–25). Further, under Section 18.6 of the Leases, defendants agreed that plaintiffs would be "entitled to reimbursement upon demand of all reasonable attorneys' fees incurred by [plaintiffs] in connection with any Event of Default." (Docket nos. 13-6 at 10, 13-7 at 10). Additionally, under Section 5(c) of the Promissory Note, Galaxie and Mr. Gallagher agreed that upon any default, plaintiffs would be entitled to collect from Galaxie and Mr. Gallagher "all costs and expenses of collection, including, without limitation, all attorneys' fees, court costs, and processing fees incurred by [plaintiffs] in the enforcement of the terms hereof." (Docket no. 13-9 at 3). In support of its request for attorney's fees and costs, plaintiffs request that they be permitted to submit an accounting of their fees and costs within 14 days after the Court enters default judgment, if the court finds such relief appropriate. (Docket no. 13 at 20 n.16).

Based on the foregoing, the undersigned recommends a finding that plaintiffs are entitled to reasonable attorney's fees and costs, and are directed to submit a supplemental bill of fees and costs within 14 days if these findings of fact and recommendations are adopted by the District Judge.

**Conclusion**

For these reasons, the undersigned recommends that default judgment be entered in favor of plaintiffs Precision Franchising LLC and Precision Tune Auto Care, Inc. and against

defendants Galaxie Cartune, Inc., Matthew Gallagher, and Kari Gallagher, in the total amount of $32,153.84, and defendants Galaxie Cartune, Inc. and Matthew Gallagher in the amount of $269,592.30, plus reasonable attorney's fees and costs. The undersigned further recommends that plaintiffs be directed to submit a supplemental bill of fees and costs within 14 days if these findings of fact and recommendations are adopted.

## Notice

By means of the court's electronic filing system and by mailing a copy of this proposed findings of fact and recommendations to Galaxie Cartune, Inc., 6982 West 145th Street, Apple Valley, MN 55124, and to Matthew Gallagher and Kari Gallagher at 14843 Colorado Avenue, Rosemount, MN 55068, the parties are notified that objections to this proposed findings of fact and recommendations must be filed within fourteen (14) days of service of this proposed findings of fact and recommendations and a failure to file timely objections waives appellate review of the substance of the proposed findings of fact and recommendations and waives appellate review of any judgment or decision based on this proposed findings of fact and recommendations.

ENTERED this 23RD day of March, 2018.

/s/
John F. Anderson
United States Magistrate Judge
John F. Anderson
United States Magistrate Judge

Alexandria, Virginia